**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kevin Jones, | ) | No. CV 09-2129-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Bank of America, | ) | |
| Defendant. | ) | |

The Court has reviewed the parties' filings and it appears the following facts are undisputed:

1. Plaintiff purchased a residence via two loans from Defendant.
2. Plaintiff bought insurance on both loans for disability or death.
3. Plaintiff also bought insurance on the first loan for unemployment.
4. Plaintiff applied for and received 12 months of payment forgiveness on the first loan due to his unemployment.
5. Two weeks after Plaintiff became unemployed, Plaintiff became disabled as defined by both insurance contracts.

Defendant argues that Plaintiff is not entitled to benefits from the disability insurance for either loan because both loans required Plaintiff to be continuously employed for three months prior to his disability, and Plaintiff's unemployment two weeks prior to his disability renders him ineligible to receive any disability benefits. Additionally, with respect to loan

2 only, Defendant argues that even if Plaintiff were entitled to some benefits, he is nonetheless in default on the loan because Plaintiff would have to have made the first 90 days of payments before the disability insurance would become active and Plaintiff failed to do so.

Plaintiff replies with various moral platitudes and grandiose statements, but very little substance.[1] For the Court to consider Plaintiff's arguments they must be recharaterized as legal theories supported by factual arguments. Accordingly, the Court will require supplemental briefing on the following issues:

1. Plaintiff argues that his work history is "substantial compliance" with the three months prior work requirement. Reply at 4. Plaintiff also suggests his work history is a "de minimus shortage of contractual requirements." Reply at 9. Plaintiff shall address any legal theory under which the Court could rewrite the prior-work- requirement of the contract and find "substantial compliance" or "de minimus shortage" to be a basis for not holding Plaintiff to the express terms of the contract. The Court will not find in Plaintiff's favor on a "substantial compliance" or "de minimus shortage" theory unless in his supplemental brief Plaintiff states a legal basis for this argument, with citation to applicable case law. For example, if Plaintiff argues that as a matter of contract interpretation the Court should average Plaintiff's prior work history over three months to determine whether it would rise to 30 hours per week, Plaintiff must argue both law and facts which would allow such an interpretation.

2. Plaintiff argues that he was not shown or advised of the eligibility requirements for benefits. Reply at 3. Plaintiff also argues that the requirements were not

---

[1] For example, Plaintiff states, "In an orderly society, allowing contractual provisions to be enforced that destroy reasonable consumer insurance expectations causes fear, forfeiture and dislocations of persons and their families." Reply at 8. Plaintiff offers no law and no facts to explain this statement. Plaintiff's next sentence is, "De Minimus Non Curat Lex (Not the Limerick)." Again, this statement comes with no citation to either law or facts in this case.

1         within the "four corners" of the insurance contract. *Id.*[2] The Court does not know what legal basis Plaintiff is attempting to fit within for being excepted from the three-month-prior-work requirement by this argument. Plaintiff shall file a supplemental brief on this issue. The Court will not find in Plaintiff's favor on a "lack of knowledge" theory unless in his supplement brief Plaintiff states a legal basis for this argument, with citation to applicable case law.

3. Plaintiff argues that the three-month-prior-work requirement is contrary to "reasonable consumer insurance expectations." Reply at 8. Normally, the test of "reasonable expectations" is applied when a party is arguing that a contract is one of adhesion. *See Maxwell v. Fidelity Financial Services, Inc.*, 907 P.2d 51, 56 (Ariz. 1995); *Broemmer v. Abortion Services of Phoenix, Ltd.*, 840 P.2d 1013, 1015-17 (Ariz. 1992). Plaintiff never actually makes a legal or factual argument that this is a contract of adhesion.[3] Therefore, Plaintiff shall file a supplement identifying whether he is advancing an adhesion theory. If yes, Plaintiff is cautioned that the Court will not issue a preliminary injunction on this basis unless he cites and applies the correct Arizona law to the facts of this case.

4. Plaintiff argues that Defendant's conduct was "unconscionable." Reply at 9. The Court is unclear what legal argument Plaintiff is making. Because Plaintiff is referencing Defendant's conduct, Plaintiff may be making an unclean hands argument. However, the party <u>seeking</u> equitable relief, in this case Plaintiff, is

---

[2]   The Court notes the contract Plaintiff signed says, "There are eligibility requirements, conditions and exclusions that could prevent you from receiving benefits under Borrowers Protection Plan. You may find a complete explanation of eligibility requirements, conditions and exclusions in the following portions of the Borrowers Protection Plan Addendum: For Disability Protection refer to Section II; paragraph a, paragraph b, paragraph c and paragraph d." Doc. #26-5 at 9.

[3]   And, even if it was a contract of adhesion, such conclusion alone would not make the contract unenforceable. *Broemmer*, 840 P.2d at 1016.

- 3 -

the one who must have clean hands.[4] Therefore, the Court will not grant Plaintiff a preliminary injunction on this theory unless Plaintiff explains in his supplemental brief how it applies to this case.

5. "Unconscionability" has its own specific meaning in terms of contract enforceability. However, the Court looks at the contract itself, and not Defendant's post-contract-conduct to determine procedural or substantive unconscionability. *Maxwell*, 907 P.2d at 57-58.[5] Here, many of Plaintiff's factual assertions perhaps could fit within the rubric of unconscionability. However, having carefully reviewed Plaintiff's filing, the Court does not see that Plaintiff has actually made this argument, and certainly Plaintiff has not cited any law which would support such an argument. Accordingly, the Court will not analyze whether the three-month-prior-work requirement is unconscionable unless, in his supplemental brief, Plaintiff expressly makes an unconscionability argument both citing to and applying the correct law to the facts of this case.

6. Plaintiff also says in a heading, without law or argument, "Equitable Estoppel." Reply at 9. The Court will not grant relief on an "equitable estoppel" theory unless in his supplemental brief Plaintiff cites law, and applies said law to the facts of this case, explaining how "equitable estoppel" should prevent Defendant from foreclosing on the home.

---

[4] Under the unclean hands doctrine, a court will not grant equitable relief to a party "tainted with inequitableness or bad faith relative to the matter in which he seeks relief . . . ." *Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000).

[5] Procedural or process unconscionability is concerned with "unfair surprise," fine print clauses, mistakes or ignorance of important facts or other things that mean bargaining did not proceed as it should. Substantive unconscionability is an unjust or "one-sided" contract.

*Maxwell*, 907 P.2d at 57-58.

7. Defendant argues Plaintiff did not purchase unemployment insurance for loan 2. In his supplemental brief, Plaintiff shall state explicitly whether he disputes this factual assertion, and if yes, based on what evidence. If Plaintiff does not dispute this factual assertion, Plaintiff shall explicitly state whether he disputes Defendant's factual assertion that before being entitled to disability benefits, Plaintiff had to wait 90 days from the date of the disability, and if yes, based on what evidence. If Plaintiff does not dispute this factual assertion, Plaintiff shall advise the Court whether he made the payments on loan 2 for the first 90 days following his disability.

8. Both parties discuss whether Defendant could be liable for the tort of bad faith based on a breach of the covenant of good faith and fair dealing in the contracts. Generally, the Court finds that "bad faith" even if applicable, is remediable by money damages. *See Stanley v. Univ. of Calif.*, 13 F.3d 1313, 1320-21 (9th Cir. 1994) (to obtain a preliminary injunction, moving party must demonstrate that his remedy at law was inadequate; to the extent he is seeking money damages, his remedy at law is adequate). Therefore, a claim of bad faith cannot be the basis for a preliminary injunction and the Court will not consider those arguments at this time unless Plaintiff explains in his supplemental brief how Defendant's alleged failure to respond in a timely manner is not remediable by money/tort damages.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff shall file a supplemental brief addressing all issues above by noon, Monday, December 7, 2009.[6]

---

[6] The Court notes that this schedule does not give Defendant an opportunity — other than at the hearing — to respond to Plaintiff's supplemental brief. If Defendant seeks such an opportunity, and the parties can stipulate to postpone the trustee sale of the residence, the parties may stipulate to continue the preliminary injunction hearing and stipulate to a longer briefing schedule. The parties MUST file any such stipulation with the Court. However, based on the Court's understanding that the sale is scheduled for December 9, 2009, if the parties cannot reach such a stipulation, the deadlines in this Order will control.

- 5 -

1     **IT IS FURTHER ORDERED** confirming the hearing on December 8, 2009 at 9:00 a.m.

    **IT IS FURTHER ORDERED** that the Court notes that in the amended complaint, Plaintiff still did not properly allege Federal subject matter jurisdiction. Therefore, Plaintiff shall both file, and bring a copy to the hearing, a separate supplemental brief specifically addressing subject matter jurisdiction. This brief should include an affirmative avowal that, as Plaintiff alleges in the amended complaint, Defendant is a <u>corporation</u> and not a <u>bank</u>. Based on the correct entity status, Plaintiff must then properly allege jurisdiction. *See Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (corporation); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (bank).

DATED this 3rd day of December, 2009.

_____
James A. Teilborg
United States District Judge