**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kevin R. Jones, | ) | No. CV-09-2129-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Bank of America, N.A., | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Bank of America's Partial Motion to Dismiss (Doc. #39). The Court has reviewed the parties' filings and now rules on the Motion. For the reasons that follow, the Motion is denied as to Counts Three, Five, and Six, and granted as to Counts Two and Four. Count Four is dismissed without prejudice.

**I. Background**

Plaintiff alleges the following facts in support of his claims. In June and July 2006, Plaintiff Kevin Jones took out two mortgage loans on his residence located in Phoenix, Arizona. (Doc. #22, ¶¶7–8). At the time Plaintiff entered into the loan agreements with Defendant Bank of America, he also enrolled in the optional "Borrowers Protection Plan" ("the Plan"). (*Id.* at ¶9). The Plan provided that Defendant would cover Plaintiff's monthly mortgage payments in the event that Plaintiff became disabled or involuntarily unemployed, in exchange for monthly premiums. (*Id.* at ¶10). On February 2, 2008, Plaintiff was in a car

accident which caused him severe permanent injury and disability. (*Id.* at ¶13). As a result of his disability, Plaintiff was unable to continue working and making his mortgage payments. (*Id.* at ¶¶14–16). Plaintiff did, however, continue to make his premium payments and the Plan covered Plaintiff's mortgage payments until "some point in the latter part of 2008 or in 2009."[1] (*Id.* at ¶¶17, 23). Defendant originally scheduled a Trustee sale for Plaintiff's residence for November 9, 2009. (*Id.* at 1).

Plaintiff filed his First Amended Complaint on November 16, 2009, alleging breach of contract and tort claims. (Doc. #22). Defendant filed the instant motion on December 14, 2009, seeking to dismiss the tort claims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #39).

## II. Legal Standard

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 556, n.3 (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §1202, at 94–95 (3d ed. 2004)).

"In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dept. Of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "The focus of any Rule 12(b)(6) dismissal--both in the trial court and

---

[1] Plaintiff does not allege when Defendant began making his mortgage payments. However, because Plaintiff alleges that he became disabled in February 2008, and that Defendant stopped making payments "sometime during late 2008 or early 2009," the Court recognizes that Defendant would have had to make some payments pursuant to the Plan sometime after February 2008.

on appeal--is the complaint." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Dismissal is appropriate where the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

### III. Count Two: Negligence

In Plaintiff's Amended Complaint, Plaintiff alleges that Defendant owed a duty "to ensure that plaintiff's contractual rights would be protected, and specifically that the Borrowers Protection Plan contractual benefits be honored." (Doc. #22, ¶29). Plaintiff alleges that Defendant breached this duty and that Plaintiff was emotionally injured when the Defendant breached the Borrowers Protection Plan agreement. (*Id.* at ¶7). Plaintiff appears to be alleging that Defendant was negligent in breaching the contract. However, Plaintiff does not cite any legal authority indicating that Arizona recognizes a claim for negligent breach of contract, nor is the Court aware of any such authority. Seeing no cognizable legal theory to support this claim, the Motion to Dismiss Count two is granted.[2] *See Balistreri*,

---

[2] Because the Court is dismissing Plaintiff's negligence claim, the Court will not address Defendant's argument that the claim is precluded by the economic loss doctrine. Moreover, the Court is not clear whether the economic loss doctrine would apply in this case because the doctrine has typically only been applied in product liability and construction cases and its application is context-specific. *See Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 P.3d 664, 669 ¶ 24 (Ariz. 2010) ("The economic loss doctrine may

901 F.2d at 699; *Weisbuch*, 119 F.3d at 783 n.1.

## IV. Count Three: "Bad Faith/Breach of Contract"

Plaintiff alleges that Defendant breached the duty of good faith and fair dealing ("bad faith"). "Arizona law implies a covenant of good faith and fair dealing in every contract." *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 28 (Ariz. 2020). In the context of insurance contracts, "the insurance company must act in good faith in dealing with its insured on a claim." *Noble v. Nat'l Amer. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981). "The tort of bad faith can be alleged only if the facts pleaded would, on the basis of an objective standard, show the absence of a reasonable basis for denying the claim." *Id.*

### 1. Defendant as Insurer

Defendant is an insurer with respect to the Borrowers Protection Plan. "Tort actions for breach of covenants implied in certain types of contractual relationships are most often recognized where the type of contract involved is one in which the plaintiff seeks something more than commercial advantage or profit from the defendant. When dealing with . . . an insurer, the client/customer seeks service, security, peace of mind, protection or some other intangible." *Rawlings v. Apodaca*, 726 P.2d 565, 575 (Ariz. 1986).

Defendant argues that it is a lender and not an insurer. (Doc. #39, 6). This is true with respect to the mortgage loan agreements between Plaintiff and Defendant. However, Defendant created an insurer/insured relationship with Plaintiff, when the parties entered into the Borrowers Protection Plan agreements. Plaintiff alleges that in the Plan Defendant agreed, in exchange for premium payments, to indemnify Plaintiff by making his mortgage and interest payments in the event of certain covered events. (Doc. #22, ¶10). Defendant was thus offering precisely the type of protection and peace of mind described in *Rawlings*.[3] Therefore, Defendant acted as an insurer and is subject to the duty of good faith and fair

---

vary in its application depending on context-specific policy considerations.")

[3]*See* 726 P.2d at 575.

dealing imposed on insurers for purposes of the Borrowers Protection Plan.

**2. Analysis of the Bad Faith Claim**

Plaintiff has presented sufficient facts for his claim of bad faith to survive a Rule 12(b)(6) analysis. To state a claim for bad faith a plaintiff must offer facts to show "the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Noble*, 624 P.2d at 868.

In his Complaint, Plaintiff alleges that on or about June 15, 2006 and July 17, 2006, he and Defendant entered into the Borrowers Protection Plan agreements, which required him to pay monthly premiums in exchange for Defendant's promise to pay his monthly loan and interest payments in the event of involuntary unemployment or disability. (Doc. #22, ¶¶7–11). Plaintiff further alleges that he made his premium payments as required and that he was in a car accident on February 2, 2008, which made him disabled and unable to work. (*Id.* at ¶11, 13–15). Plaintiff further alleges that Defendant stopped making his mortgage payments "[a]t some point in the latter part of 2008 or in 2009," and that Defendant "should have used the Plan to pay all of the principal and interest payments from March, 2008 to the present pursuant to the contract." (*Id.* at ¶¶17, 22).

Because Plaintiff alleges that he paid his premiums and became disabled while protected under the Plan, Plaintiff has met the requirement that he plead an absence of a reasonable basis for the denial of his benefits. Furthermore, because Plaintiff alleges that he initially received benefits under the Plan, he has shown that Defendant had knowledge of his disability and unemployment. These facts meet the threshold standard of giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Therefore, Defendant's Motion to Dismiss is denied as to Plaintiff's bad faith claim.

**V. Count Four: Wrongful Foreclosure**

The Arizona state courts have not addressed whether they recognize the tort of

1 wrongful foreclosure.[4] Assuming for purposes of this Order that such a claim exists under Arizona law, for the claim to be ripe, a foreclosure sale must have occurred. *See Standard Alaska Prod. Co. v. Schaible*, 874 F.2d 624, 627 (9th Cir. 1989) ("A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final."). Here, no foreclosure sale has yet taken place. Therefore, this claim is not ripe for adjudication and Plaintiff's claim for wrongful foreclosure is dismissed. Should the foreclosure sale occur, Plaintiff may move to amend the complaint to re-assert this claim.

## VI. Count Five: Negligent Infliction of Mental Anguish

Arizona law recognizes two types of negligent infliction of emotional distress. The first type "requires plaintiff to: (1) witness an injury to a closely related person, (2) suffer mental anguish manifested as physical injury, and (3) be within the zone of danger so as to be subject to an unreasonable risk of bodily harm created by the defendant." *Pierce v. Casas Adobes Baptist Bhurch*, 782 P.2d 1162, 1165 (Ariz. 1989) (en banc).

The second type of claim for negligent infliction of emotional distress arises when the distress results from an injury to the claimant themself. *See Monaco v. HealthPartners of S. Arizona*, 995 P.2d 735, 738-39 ¶¶ 7-8 (Ariz. App.1999) (holding negligent injection of radioactive material into plaintiff was sufficient to support a claim for negligent infliction of emotional distress). To sustain this type of negligent infliction of emotional distress claim, a plaintiff must show:

> (a) [the tortfeasor] should have realized that his conduct involved an unreasonable risk of causing the distress . . . , and (b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm. Restatement (Second) of Torts, §§ 313 (adopted by *Ball v. Prentice,* 162 Ariz. 150, 781 P.2d 628, 630 (Ariz. Ct.

---

[4] Another Judge in this district has recognized such a claim under Arizona law. *See Herring v. Countrywide Home Loans, Inc.*, 2007 WL 2051394 at 5 (D. Ariz. 2007) (holding that because the trustee has the power to sell, that power must be exercised fairly and in good faith). To allow such a cause of action in this case, the Court would have to extend this duty to the beneficiary of the deed of trust under A.R.S. § 33-807(A), which states that at the option of the beneficiary, the trust deed may be foreclosed.

App.1989)).

*Carboun v. City of Chandler*, 2005 WL 2408294 at 12.

Moreover, "the Arizona cases and Restatement § 436A make clear that a physical injury, as well as a long-term physical illness or mental disturbance, constitutes sufficient bodily harm to support a claim of negligent infliction of emotional distress." *Monaco*, 995 P.2d at 739.

Plaintiff has not alleged the first type of negligent infliction of emotional distress because he has not alleged that he witnessed the injury of another person. However, Plaintiff does allege that he "has been in a state of emotional panic for over one-half year" as a result of Defendant's threats to foreclose on [his] home loan. (Doc. #22 at ¶41). Plaintiff further alleges facts that show Defendant knew of Plaintiff's physical disability[5] and was indifferent to Plaintiff's "rights and peace of mind" (*Id.* at ¶50). Construing the facts pleaded in Plaintiff's Amended Complaint liberally, this claim is sufficiently pleaded to survive a Rule 12(b)(6) motion to dismiss. Defendant's Motion is thus denied as to Plaintiff's claim of negligent infliction of emotional distress (labeled "mental anguish").

## VII. Count Six: Intentional Infliction of Mental Anguish

To prove a claim of intentional infliction of emotional distress under Arizona law, Plaintiff must show that: 1) Defendant engaged in extreme and outrageous conduct; 2) Defendant either intended to cause emotional distress or recklessly disregarded the near certainty that emotional distress would result from the conduct; and 3) Plaintiff actually suffered emotional distress because of Defendant's conduct. *Nelson v. Phoenix Resort Corp.*, 888 P.2d 1375, 1386 (Ariz. Ct. App. 1994).

Plaintiff has alleged that Defendant attempted to foreclose on his home after failing to honor its obligations under the Borrowers Protection Plan. (Doc. #22, ¶¶46–47). Plaintiff also claims that Defendant continued to contact Plaintiff through threatening letters and phone calls after Plaintiff's counsel asked Defendant to direct communications to him

---

[5] *See* discussion in section IV.2 *supra*.

- 7 -

| | |
|---|---|
| 1 | instead. (Doc. #22, ¶¶41–42). Plaintiff asserts that these actions were in "conscious |
| 2 | disregard of [his] rights and . . . peace of mind." (Doc. #22, ¶50). Plaintiff further alleges |
| 3 | that Defendant's conduct has caused him to be "in a state of emotional panic for over one- |
| 4 | half year." (Doc. #22, ¶48). Since Plaintiff is only required to provide a "short and plain |
| 5 | statement of the claim," and need not provide detailed factual allegations, these facts are |
| 6 | sufficient to give Defendant "fair notice of what the . . . claim is and the grounds upon which |
| 7 | it rests." *See Twombly*, 550 U.S. 544, 555 (2007). Defendant's Motion to Dismiss is thus |
| 8 | denied as to Plaintiff's claim of intentional infliction of emotional distress (labeled "mental |
| 9 | anguish"). |

**Accordingly,**

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #39) is **GRANTED** as to Counts Two and Four of the Complaint, and that Count Four is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. #39) is **DENIED** as to Counts Three, Five, and Six of the Complaint.

DATED this 1st day of June, 2010.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge