**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kevin R. Jones, | ) | No. CV-09-2129-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Bank of America, N.A., | ) ) ) | |
| Defendant. | ) ) ) | |

On June 22, 2010, this Court denied Plaintiff's motion for preliminary injunction as to loan 1. The test the Court applied was as follows:

To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, --- U.S. ----, 129 S.Ct. 365, 376 (2008). Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable"). Additionally, the *Winter* standard requires the plaintiff to demonstrate that irreparable harm is real, imminent and significant– not merely speculative or potential– with admissible evidence and a clear likelihood of success. 129 S.Ct. at 374.

Doc. 70 at 4-5.

On July 28, 2010, the Ninth Circuit Court of Appeals held that the sliding scale test of *Lands Council* survived *Winter*. Specifically, the Court of Appeals held:

"A preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."*Lands Council*, 537 F.3d at 987.... Of course, plaintiffs must also satisfy the other *Winter* factors, including likelihood of irreparable harm.

*Alliance for Wild Rockies v. Cottrell*, Slip Op. at 10871 (9th Cir. July 28, 2010).

Because this Court did not consider the alternative sliding scale test in denying Plaintiff's motion for preliminary injunction, and if Plaintiff believes the outcome would be different under this alternative test,

**IT IS ORDERED** that Plaintiff may move for reconsideration of the order denying the motion for preliminary injunction within 14 days of the Court of Appeals decision (in other words, by August 11, 2010).

DATED this 30th day of July, 2010.

_____
James A. Teilborg
United States District Judge