1    **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9    Kevin R. Jones,                    )    No. CV 09-2129-PHX-JAT
                                        )
10              Plaintiff,              )    **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     Bank of America, N.A., a foreign business)
13   corporation,                       )
                                        )
14              Defendant.              )
                                        )
15   _____ )

16

17         Currently before the Court is Defendant Bank of America's Motion to Vacate the

18   Court's "Insurance Ruling" in its June 1, 2010 Order (Doc. 79). Plaintiff Kevin R. Jones has

     not filed a response. For the reasons that follow, the Court denies Defendant's Motion to

19   Vacate.

20   **I.    Background**

21         Plaintiff Kevin R. Jones brought suit against Defendant Bank of America when

22   Defendant began foreclosure proceedings on Plaintiff's home. One of Plaintiff's several

23   claims against Defendant was a bad faith claim, alleging that there was a "special contract

24   directly with [Defendant] that was in the nature of an insurance contract—namely the

25   'Borrowers Protection Plan.'" (*Id.*, 3:5–6). In its Reply in Support of its Motion to Dismiss,

26   Defendant claimed that under state law in Arizona the Borrowers Protection Plan was not an

27   insurance policy, and there was no special relationship to sustain a bad faith claim. (Doc. 44,

28

1    3:24–7:11). On June 1, 2010, the Court ruled that under Arizona law, "the Bank 'is an insurer

2    with respect to the Borrowers Protection Plan' and the Plan 'created an insurer/insured

3    relationship' between the parties." (Doc. 79, 3:13–14).

4        On June 21, 2010, Defendant filed a Motion for Reconsideration of the Court's June

5    1, 2010 order. In its motion, Defendant asked the Court to reconsider the ruling in light of

6    Federal banking law which Defendant argued both (1) preempts state banking law and (2)

7    holds that banks do not create insurance policies by issuing plans like the Borrowers

8    Protection Plan. However, *without ruling on the merits of Defendant's argument*, the Court

9    denied the motion as untimely because it had not been filed within 14 days of the June 1

10   order, as required under LRCiv 7.2(g)(2). Defendant also requested relief in its Motion for

11   Reconsideration under FED.R.CIV.P. 60(b). In a Motion for Clarification, the Court ruled that

12   "Rule 60(b) is only applicable to 'final' orders and that the June 1 Order was not a 'final'

13   order." (Doc. 79, 4:21).

14       Shortly thereafter, Plaintiff settled with Defendant, agreeing to dismiss, with

15   prejudice, all of his remaining claims. Following the settlement, Defendant submitted this

16   motion to vacate the June 1 order. Defendant's argument is two-fold: the Court should vacate

17   the June 1 order under the powers granted by Rule 60(b) or the Court should vacate the order

18   under the its plenary powers to review interlocutory rulings.

19   **II.   Rule 60(b)**

20       FED.R.CIV.P. 60(b) allows a court to relieve a party "from a *final* judgment, order, or

21   proceeding . . . ." (emphasis added). The Court's June 1 order was not a final order because

22   it "did not 'end[] litigation on the merits and leave[] nothing for the court to do but execute

23   the judgment.'" *Baker v. Fair, Issac and Co., Inc.*, 2007 WL 641539, *1 (D. Ariz. 2007). The

24   Court had denied Defendant's Motion to Dismiss with respect to Plaintiff's negligence, bad

25   faith, and intentional infliction of emotional distress claims. *See id.* (plaintiff was not able

26   to avail herself of Rule 60(b) because "there [were] a host of issues which the court must

27   resolve before entering a final judgment"). However, Defendant correctly states that an

28   "interlocutory order merges in the final judgment and may be challenged in an appeal from

- 2 -

that judgment." *Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1401 (9th Cir. 1997) (quoting *Baldwin v. Redwood City*, 540 F.2d 1360, 1364 (9th Cir. 1976)). Therefore, a preliminary issue before the Court is whether there has been a final judgment in this matter.

When Plaintiff agreed to dismiss his remaining claims against Defendant, the parties requested that the Court dismiss the action, with prejudice, and entered into a Stipulation and Notice of Dismissal under FED.R.CIV.P. 41(a)(1)(A)(ii). (Doc. 77). The Court granted the parties' request and dismissed the action, with prejudice. (Doc. 78). Relying on the Sixth Circuit, the court in *Laurenzano v. Crossland Savings Bank, FSB* held that "a stipulation of dismissal is a final judgment subject to a Rule 60(b) motion." 837 F. Supp. 514, 515 (E.D.N.Y. 1993). However, the Court is not persuaded by *Laurenzano*'s interpretation which creates broad and "wide ranging . . . bases for relief" under Rule 60(b). *Id.*

In *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, the Sixth Circuit case cited by *Laurenzano*, the parties also "executed a stipulation for dismissal with prejudice . . . [and] [t]he district court then unconditionally dismissed the action with prejudice." 823 F.2d 993, 995 (6th Cir. 1987). However, the Sixth Circuit went on to explain that this dismissal "terminated the district court's 'jurisdiction except for the limited purpose of reopening and setting aside *the judgment of dismissal* within the scope allowed by Rule 60(b).'" *Id.* at 995–96. (emphasis added). The Tenth Circuit has held that it "agree[s] with the Seventh Circuit that '[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [FED.R.CIV.P.] 60(b).'"(alterations in original). Unlike the cases before the Sixth and Tenth Circuits, neither party in this case seeks to enforce or dispute the terms contained in the Stipulation and Notice of Dismissal. Instead, Defendant wishes to unilaterally[1] vacate an interlocutory order. Once the parties settled, the case became moot and the Court no longer retained jurisdiction, except for the limited purpose of addressing the judgment of dismissal. *See DHX, Inc. v. Allianz AGF MAT, LTD.*, 425 F.3d 1169, 1174 (9th Cir. 2005) ("Where

---

[1]Plaintiff has not filed a response to Defendant's motion.

1    parties enter into a settlement that resolves all outstanding disputes . . . the case becomes

2    moot."). Therefore, the Court denies Defendant's Motion to Vacate based on relief sought

3    under FED.R.CIV.P. 60(b).

4    **III.    Plenary Powers**

5         Defendant correctly states that the Court has "inherent common-law authority 'to

6    rescind an interlocutory order over which it has jurisdiction.'" *Motorola, Inc. v. J.B. Rodgers*

7    *Mech. Contractors, Inc.*, 215 F.R.D. 581 (D. Ariz. 2003). *See Credit Suisse First Boston*

8    *Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) ("[A] district court [has] inherent

9    common-law authority to rescind or modify any interlocutory order as long as the court

10   retains jurisdiction over the matter."). However, the dismissal order terminated the Court's

11   jurisdiction over the action, except for the narrow purpose of examining and setting aside the

12   judgment of dismissal.

13        Defendant also correctly states that a "federal court may consider collateral issues

14   after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395

15   (1990). However, the Supreme Court has given a narrow explanation of what constitutes a

16   "collateral issue." A collateral issue is not a "judgment on the merits of an action . . . [but

17   rather, an] independent proceeding[] supplemental to the original proceeding and not a

18   request for a modification of the original decree." *Id.* at 395–96. These independent

19   proceedings include motions for costs, attorney's fees, and Rule 11 sanctions. *Id.*

20   Defendant's Motion to Vacate is not  a supplemental independent proceeding, but instead

21   strikes at the very heart of the original matter: whether or not Defendant entered into an

22   insurer/insured relationship by issuing the Borrowers Protection Plan.

23        Therefore, Defendant's plenary powers argument fails for two reasons. First, the Court

24   does not have common-law authority to rescind its interlocutory order because its jurisdiction

25   was terminated by the dismissal order. Second, under the Supreme Court's explanation in

26   *Hartmarx*, Defendant's motion is not a collateral issue which the Court is able to consider

27   when the action is no longer pending.

28        The Court wishes to reiterate the unique procedural history of this case and its reasons

1  for denying Defendant's motion. In its Motion to Dismiss, Defendant argued that *under*

2  *Arizona state law* it had not entered into an insurance relationship with Plaintiff. The Court

3  held that *under Arizona state law* Defendant had indeed entered into such a relationship.

4  Defendant then filed a Motion for Reconsideration arguing that *Federal banking law*

5  preempts state banking law on this point and that *Federal law* holds that agreements like the

6  Borrowers Protection Plan are not insurance contracts. Without ever having reached the

7  merits of that argument, the Court denied Defendant's motion as untimely. As part of its

8  Motion for Reconsideration, Defendant sought relief under Rule 60(b). The Court denied that

9  relief because the Motion to Dismiss ruling was interlocutory and not final.

10  Defendant has presented essentially the same Federal preemption and Rule 60(b) relief

11  arguments in its current Motion to Vacate. The Court finds that relief is not warranted under

12  60(b) or its plenary powers because the Court's jurisdiction was terminated by the dismissal

13  order and the motion to vacate is not a collateral issue as defined by the Supreme Court.

14  Accordingly, the Court will not reach a decision based on the merits of the arguments

15  Defendant raised for the first time in its Motion for Reconsideration—whether Federal

16  banking law preempts state banking law and whether under Federal banking law Defendant's

17  Borrowers Protection Plan created an insurer/insured relationship.

18  Accordingly,

19  **IT IS ORDERED** that Defendant's Motion to Vacate the Court's "Insurance Ruling"

20  in its June 1, 2010 Order (Doc. 79) is **DENIED.**

21  DATED this 28th day of March, 2011.

22

23

24  James A. Teilborg
    United States District Judge

25

26

27

28